UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES WOOD,

    Plaintiff,

vs.                                    Case No.  8:12-cv-2849-T-26TBM

WALGREENS CO.,

    Defendant.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, Walgreens Co. ("Walgreens") hereby answers James Wood's ("Wood" or "Plaintiff") Complaint, and states as follows:

**Introduction**

Walgreens denies the allegations contained in Plaintiff's "Introduction" and denies that any relief should be awarded at all.

1.    Walgreens admits that the claim satisfies the jurisdictional requirement of this Court.  Otherwise denied.

2.    Venue is proper in the U.S. District Court for the Middle District, Tampa Division.  Otherwise denied.

3.    Admitted.

4.    Admitted except without knowledge as to what is meant by "consumer." Plaintiff ordered prescriptions from Walgreens, but is not a consumer in any other sense.

5.    Admitted that Walgreens is an Illinois corporation, based in Deerfield, Illinois, and authorized to do business in Florida.

6. Admitted.

7. Admitted.

8. Without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denied.

9. Without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denied.

10. Without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denied.

11. Denied.

12. Without knowledge or information sufficient to form a belief as to whether the alleged notice was sent or received. Denied that the alleged letter constituted adequate or effective notice. Further, any alleged notice was waived and revoked by a continued course of dealing between the parties in which Plaintiff continued to order prescriptions and "prescription ready" information was provided for Plaintiff's and his family's medical treatment.

13. Without knowledge or information sufficient to form a belief as to whether the alleged notice was sent or received. Denied that the alleged letter constituted adequate or effective notice. Without knowledge or information as to the number of calls.

14-319. Pursuant to Rule 8(b)(5), Walgreens lacks knowledge or information sufficient to form a belief about the truth of these allegations, and therefore denies the allegations.

## COUNT I: ALLEGED VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT

320. Walgreens re-alleges and incorporates its answers to paragraphs 1 through 319 as though fully stated herein.

321. Without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denied. Denied that the alleged letter constituted adequate or effective notice. In addition, Walgreens states that any alleged notice was waived and revoked by a continued course of dealing between the parties in which Plaintiff continued to order prescriptions and "prescription ready" information was provided for Plaintiff's and his family's medical treatment.

322. Without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denied. Denied that the alleged notice constituted adequate or effective notice. In addition, Walgreens states that any alleged notice was waived and revoked by a continued course of dealing between the parties in which Plaintiff continued to order prescriptions and "prescription ready" information was provided for Plaintiff's and his family's medical treatment.

323. Denied.

324. Denied.

325. Denied.

## COUNT II: ALLEGED INVASION OF PRIVACY

326. Walgreens re-alleges and incorporates its answers to paragraphs 1 through 319 as though fully stated herein.

327. Denied.

328. Without knowledge or information as to number of calls, therefore denied. Otherwise denied that the calls were improper or illegal.

329. Denied.

330. Denied.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

Upon information and belief, the calls Wood received were notifications from the Walgreens pharmacy that his family's prescriptions were ready for pick up. These messages had nothing to do with any solicitation or debt. They were part of the Wood family's medical treatment. Wood voluntarily gave his cell phone number to the Walgreens pharmacy so that he could be notified that his family's medical prescriptions had been filled. This is medically prudent so that patients can timely receive prescribed medicine. Wood and his family picked up medicine and continued to order new prescriptions and refills as authorized by their physicians. Walgreens properly notified Wood and his family that their prescriptions were ready and available pursuant to their doctors' orders. In order to avoid any delay in treatment when members of the Wood family needed medicine, Walgreens contacted Wood on the number he provided.

### Second Affirmative Defense

The alleged notice to Walgreens was inadequate.

<u>Third Affirmative Defense</u>

Wood waived, rescinded, or revoked any alleged notice and consented to "prescription ready" notifications by continuing to order prescriptions which necessitated notifications to him and his family.

<u>Fourth Affirmative Defense</u>

Wood's claims are barred by the avoidable harm doctrine.  Wood could have avoided any alleged phone messages on his cell phone by not continuing to order prescriptions and refills from Walgreens.  Wood was well aware that the pharmacy needed to notify the Wood family that prescriptions were ready for pick up.  The number and frequency of calls was directly related to the repeated refills and prescription orders from the Wood family.  Wood cannot now claim to have been harmed by these notifications when he could have avoided the alleged harm, but instead continued to invite and consent to the calls and accept the benefits thereof.

 s/Charles Wachter
Charles Wachter
Florida Bar No. 509418
HOLLAND & KNIGHT, LLP
100 N. Tampa St., Suite 4100
Tampa, Florida  33602-3644
Telephone: (813) 227-8500
Facsimile: (813) 229-0134
charles.wachter@hklaw.com

*Attorneys for Defendant*

## CERTIFICATE OF FILING AND SERVICE

I HEREBY CERTIFY that on this 15th day of March, 2013, this document was electronically filed with the Clerk of this Court by using the CM/ECF system, which will serve a copy on Eugene P. Castagliuolo, Esquire, Castagliuolo Law, P.A., 801 West Bay Drive, Suite 301, Largo, Florida 33770.

                                                      s/Charles Wachter
                                                      Attorney

#12614165_v1